**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARY B. BATY,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0353-18-0262-I-3 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: July 16, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

LaDonna L. Griffith-Lesesne, Esquire, Landover, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant made a nonfrivolous allegation that the agency denied her request for restoration and to apply *Cronin v. U.S. Postal Service*, 2022 MSPB 13, to the jurisdictional analysis, we AFFIRM the initial decision.

## BACKGROUND

The appellant is a Mail Processing Clerk at the Crewe Post Office in Crewe, Virginia. *Baty v. U.S. Postal Service*, MSPB Docket No. DC-0353-18-0262-I-I, Initial Appeal File (IAF), Tab 6 at 54. After partially recovering from a compensable injury in 2003, she held a series of modified duty assignments until July 14, 2016, when her treating physician determined that she was unable to work due to her medical condition. IAF, Tab 5 at 6, Tab 6 at 68, 96. In a January 19, 2017 work capacity evaluation, another physician determined that the appellant could return to duty in a modified position involving no more than 4 hours of sitting, 2 hours of walking, 2 hours of standing, and a 20-pound pushing, pulling, and lifting restriction. IAF, Tab 6 at 92. Accordingly, on March 20, 2017, the agency offered her a modified assignment working at both the Nottoway Post Office and the Crewe Post Office for a combined total of 29 hours each week. *Id*. at 89. The appellant accepted the offer but expressed

concerns that it exceeded her medical limitations. *Id*. at 89-90. Several days later, the agency offered her a new modified duty assignment working 14 hours per week at the Crewe Post Office, which she accepted on March 30, 2017. *Id*. at 56, 86-87.

On July 10, 2017, the appellant initiated informal equal employment opportunity (EEO) counselor contact, alleging that the agency discriminated and retaliated against her when it "refused to schedule [her] hours to work." *Id*. at 27-29. She filed a formal complaint of discrimination with the agency on August 17, 2017. *Id*. at 31.

On September 9, 2017, the agency offered the appellant another modified duty assignment consisting of approximately 30 hours of work per week, again divided between the Nottoway and Crewe Post Offices. *Id*. at 83. She accepted the offer on September 11, 2017. *Id*. On November 21, 2017, the Equal Employment Opportunity Commission's Office of Federal Operations (OFO) issued a decision in the appellant's 2015 EEO appeal, finding that the agency failed to accommodate her and ordering the agency to provide her an ergonomic chair, to modify the front counter consistent with the use of an ergonomic chair, and to schedule her for 8 hours of consecutive work per day. *Id*. at 67-77. Accordingly, on January 2, 2018, the agency offered the appellant an 8-hour per day modified duty assignment at the Nottoway Post Office. *Id*. at 64-65. On January 3, 2018, the appellant accepted the offer. *Id*. at 64.

On January 26, 2018, the agency issued a final agency decision (FAD) in connection with the appellant's August 17, 2017 formal complaint of discrimination, finding that management did not discriminate against her by offering her less than 40 hours of modified work per week. *Id*. at 32-52. The FAD notified the appellant that she had the option of appealing the decision to the Board as a mixed case or filing a civil action in U.S. district court. *Id*. at 50-51. The appellant timely filed the instant mixed case appeal with the Board arguing

that the agency denied her request for restoration, and alleging discrimination based on disability and retaliation for prior EEO activity. IAF, Tab 1.

In an order to show cause, the administrative judge notified the appellant of her burden to establish the Board's jurisdiction over her appeal by nonfrivolously alleging that she had partially recovered from a compensable injury and that the agency arbitrarily and capriciously denied her request to return to work. IAF, Tab 2 at 2-4. The appellant responded that the agency violated her restoration rights when, from March 25, 2017, until January 1, 2018, it did not provide her 40 hours of work even though she held a 40-hour per week limited duty assignment before leaving work for medical reasons on July 16, 2016. IAF, Tab 5 at 4. She appeared to allege that the agency's denial of 40 hours of work was arbitrary and capricious because her supervisor failed to make accommodations to the front desk and assigned part-time employees the hours and tasks that should have been assigned to her. *Id*. at 4, 7; IAF, Tab 8 at 5; *Baty v. U.S. Postal Service*, MSPB Docket No. DC-0353-18-0262-I-3, Refiled Appeal File (RAF), Tab 4 at 4-7.

The agency argued that the Board lacked jurisdiction over the appellant's appeal because it did not deny her request for restoration, but rather offered her three different modified assignments that restored her to duty. IAF, Tab 6 at 15-16. The agency further argued that, even if the appellant nonfrivolously alleged that she was denied restoration, she failed to nonfrivolously allege that such denial was arbitrary and capricious because she did not identify any additional work that was available within her restrictions at or below the level of a Level 6 Mail Processing Clerk within 50 miles of the Crewe Post Office. *Id*. at 16-17, 58. Regarding the 8 hour per day modified assignment offered to the appellant in January 2018, the agency explained that it offered her the position pursuant to the OFO decision even though the Nottoway Post Office is only open 4 hours per day, the official clerk position is a 4 hour per day position, and there is not 8 hours of productive work to be performed there daily. *Id*. at 12, 16-17.

Thus, the agency argued that the full-time position at Nottoway Post Office was not a vacant funded position and that it was not obligated to offer it to the appellant as part of its restoration obligations. *Id*. at 17.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. RAF, Tab 5, Initial Decision (RID).

The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 5.

## ANALYSIS

The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.301. Partially recovered employees, like the appellant, are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.102.

The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103-04 (Fed. Cir. 2011), *superseded in part by regulation on other grounds as stated in Kingsley*, 123 M.S.P.R. 365, ¶ 10; 5 C.F.R. § 353.304(c). Thus, to establish jurisdiction over a claim of denial of restoration as a partially recovered employee, an

appellant is required to make nonfrivolous allegations of the following: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *See Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016); 5 C.F.R. § 1201.57(a)(4), (b). Here, it is undisputed that the appellant satisfied the first two jurisdictional criteria because she was absent from her position due to a compensable injury and recovered sufficiently to return to work. ID at 6; IAF, Tab 5 at 6, Tab 6 at 92-98. As to the third jurisdictional element, although it is undisputed that the agency restored the appellant to modified assignments during the relevant period, she argued that the agency denied her restoration by failing to provide her 40 hours of work per week. IAF, Tab 5 at 4; Tab 6 at 83-90; RAF, Tab 4 at 5-7.

The administrative judge found that the appellant did not nonfrivolously allege that the agency's decision to assign her various work assignments totaling fewer than 40 hours of work per week between March 2017 and January 2018 was "so unreasonable" as to constitute a denial of restoration. ID at 7. We disagree with the administrative judge's analysis. The record shows that the appellant was a full-time employee, but when she requested restoration, the agency only offered her part-time work. IAF, Tab 6 at 54, 83-90. There is no indication that the appellant requested anything less than full-time restoration, and so it is undisputed that, during the time period at issue, the agency denied the appellant's request for restoration in part. The Board has held that the reduction in hours of a previously afforded modified assignment constitutes an appealable denial of restoration for the number of hours by which the assignment was reduced. *E.g.*, *Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶¶ 8-10 (2012); *Kinglee v. U.S. Postal Service*, 114 M.S.P.R. 473, ¶ 14 (2010). The administrative judge declined to apply that rule to the instant appeal based on the agency's reasons for reducing

the appellant's work hours. ID at 7-8. However, we find that an agency's reasons for involuntarily reducing an employee's work hours are irrelevant to determining whether a denial of restoration occurred. Instead, the agency's reasoning goes to the final jurisdictional inquiry, i.e., whether the appellant made a nonfrivolous allegation that the denial of restoration was arbitrary and capricious.

On that issue, the administrative judge found that the appellant failed to make a nonfrivolous allegation that any denial of restoration was arbitrary and capricious. ID at 8-10. On review, the appellant argues that this was error and reiterates that the agency arbitrarily and capriciously denied her restoration to a 40-hour per week position by assigning available hours and work to part-time employees. PFR File, Tab 1 at 7-10. Although we agree with the administrative judge that the appellant failed to nonfrivolously allege that any denial of restoration position was arbitrary and capricious, we modify the initial decision to clarify the basis of this holding.

After the initial decision in this appeal was issued, the Board issued a decision in *Cronin*, 2022 MSPB 13, overruling prior precedent, including *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), and its progeny, to the extent they held that a denial of restoration may be arbitrary and capricious on the basis of an agency's failure to comply with its self-imposed restoration obligations. *Cronin*, 2022 MSPB 13, ¶ 20. The Board in *Cronin* held that, although agencies may undertake restoration efforts beyond the minimum effort required by OPM under 5 C.F.R. § 353.301(d), an agency's failure to comply with self-imposed obligations cannot itself constitute a violation of 5 C.F.R. § 353.301(d) such that a resulting denial of restoration would be rendered arbitrary and capricious for purposes of establishing Board jurisdiction under 5 C.F.R. § 353.304(c). *Id.*, ¶ 20. Rather, the issue before the Board is limited to whether the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for *vacant positions* to which it can restore a

partially recovered employee and to consider her for any such vacancies. *See id*. The Board in *Cronin* further held that, contrary to the suggestion in *Latham*, claims of prohibited discrimination or reprisal cannot serve as an "alternative means" of showing that a denial of restoration was arbitrary and capricious. *Id.*, ¶ 21. Because the Board issued *Cronin* while this appeal was pending, it is given retroactive effect and applies to this appeal. *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 18 n.8.

Under *Cronin*, to satisfy the fourth jurisdictional criterion, the appellant must nonfrivolously allege that the agency failed to search within the local commuting area for *vacant positions* to which it could restore her and to consider her for any such vacancies. *Cronin*, 2022 MSPB 13, ¶ 20. The appellant has not made such an allegation here, nor has she challenged the sworn statement of her supervisor that "[a]ll full-time Postal Service positions within 50 miles of Crewe Post Office at or below the level of a Level 6 Mail Processing Clerk require either walking or standing more than two hours, pushing, pulling, and lifting more than 20 lbs., or combinations of multiple of these requirements."[2] IAF, Tab 5, Tab 6 at 38, Tab 8; RAF, Tab 4; PFR File, Tab 1. Rather, she argues that the agency could have returned her to her prior full-time modified duty assignment with certain accommodations and that there were hours of work and tasks she could perform that the agency improperly assigned to part-time employees instead of her. IAF, Tab 5 at 4-5; RAF, Tab 4 at 5-7; PFR File, Tab 1 at 8-10. However, she has not alleged that her prior modified assignment was an established vacant position or that the various hours and tasks she could perform constituted the essential functions of an established position. Accordingly, under *Cronin*, her

---

[2] Although the agency ultimately offered the appellant a full-time modified assignment pursuant to OFO's decision, the agency has explained, without contradiction, that this position was created solely to comply with OFO's order to place the appellant in an assignment with 8 consecutive hours of work per day. IAF, Tab 6 at 12-13, 16-17. Thus, we find no nonfrivolous allegation that the 8 hour per day modified assignment constituted a vacant funded position that the agency would have found had it conducted a proper search prior to January 2018. *See Cronin*, 2022 MSPB 13, ¶ 20.

arguments do not constitute a nonfrivolous allegation that the denial of restoration was arbitrary and capricious. *See Cronin*, 2022 MSPB 13, ¶ 20.

In light of the foregoing, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction. ID at 10. We further agree with the administrative judge's determination that, absent jurisdiction, the Board cannot reach the appellant's claims of discrimination and retaliation. *Id*.; *see Desjardin*, 2023 MSPB 6, ¶ 21 (holding that the Board will adjudicate discrimination and retaliation claims raised in connection with denials of restoration over which it has jurisdiction).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.